# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| COMPSYCH CORPORATION, | |
| Plaintiff, | |
| v. | Civil Action No. 1:20-cv-6609 |
| HEALTHCHAMPION PARTNERS, LLC, | |
| Defendant. | |

## COMPLAINT

For its Complaint against Defendant HealthChampion Partners, LLC ("Defendant"), Plaintiff ComPsych Corporation ("ComPsych" or "Plaintiff"), by its undersigned attorneys, alleges and states as follows:

### Nature of the Action

1. This is a complaint to redress violations of trademark infringement and unfair competition under federal law, unfair competition in violation of the Illinois Uniform Deceptive Trade Practices Act, and trademark infringement and unfair competition in violation of the common law of the State of Illinois.

2. This action results from the Defendant's wrongful, willful, and reckless use of ComPsych's federally registered HEALTHCHAMPION mark, and confusingly similar variations thereof, in commerce without ComPsych's express or implied authorization or permission.

**Jurisdiction and Venue**

3. This Court has jurisdiction over the claims in this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) because the Defendant resides in this Judicial District, a substantial portion of the property that is the subject of this action is situated in this Judicial District, and the acts of unfair competition by the Defendant and acts of infringement of ComPsych's federally registered HEALTHCHAMPION mark by the Defendant occurred, and are continuing to occur, in this Judicial District.

5. This Court has jurisdiction over the Defendant because the Defendant resides in this State and Judicial District, the Defendant is engaging in various activities within this State and this Judicial District, including transacting business and committing tortious acts in this Judicial District. The consequences of the Defendant's actions produce effects in and directly implicate this forum.

**The Parties**

6. Plaintiff ComPsych is an Illinois corporation with its principal place of business at NBC Tower, 455 North Cityfront Plaza Drive, Chicago, Illinois 60611.

7. Upon information and belief, Defendant HealthChampion Partners, LLC is a Delaware limited liability company with a principal place of business in Chicago, Illinois.

8. Upon information and belief, Defendant maintains a principal place of business at 125 S Wacker Dr., Suite 2080, Chicago, IL 60606.

2

**ComPsych's Intellectual Property Rights**

9.     ComPsych is a leading provider of fully integrated health navigation solutions, health and wellness programs, employee assistance programs, work-life support services, and outsourced human resource administration services.  ComPsych provides services to more than 50,000 organizations covering 109 million individuals throughout the United States and in 160 countries.

10.     ComPsych is the owner to all right, title and interest to the service mark HEALTHCHAMPION for use in connection with its health assessment, guidance, support, and management services, as well as healthcare benefits and insurance services (hereinafter "health services").

11.     ComPsych has used its HEALTHCHAMPION mark continuously in interstate commerce in connection with its health services since at least as early as 2006, long prior to the date of the Defendant's infringing activities described herein.

12.     Consumers associate the HEALTHCHAMPION mark with ComPsych and ComPsych's health services.

13.     Through ComPsych's continuous and longstanding use of the HEALTHCHAMPION mark, the HEALTHCHAMPION mark has acquired significant goodwill and become an extraordinarily valuable asset to ComPsych.

14.     ComPsych is the owner of record to all right, title and interest to Federal Trademark Registration No. 4,062,415 covering "assessing insurance claims; claims administration services in the field of health insurance; consulting and information concerning health insurance; insurance administration services, namely, assisting others with

adjusting insurance claims; insurance claims administration; insurance claims processing; insurance services, namely, insurance eligibility review and verification and consultation in the health industry; medical insurance case and utilization review and insurance claims adjustment services for healthcare purchasers and payors and providers and Medicare beneficiaries; pharmaceutical benefit management services; providing counseling and consulting in the field of healthcare benefits; Social security and Medicare claims administration and consulting services rendered to individuals" in International Class 36, "conducting telephone and in-person personal lifestyle wellness assessments; consulting services in the field of mental health and wellness; consulting services in the field of women's health, consulting services in the field of health and nutrition; consulting services in the field of medical care, all of the foregoing not including the providing of chiropractic services" in International Class 44, and "case management services, namely, the coordination of legal, social and psychological services for elderly and disabled persons; investigation services related to insurance claims; in-home support services to senior persons, namely, geriatric care management services in the nature of the coordination of necessary services and personal care for older individuals; providing patient advocate services to individuals in need of hospital services; providing case management services to individuals in need of hospital services, namely, coordinating legal, physical, social and psychological services for individuals in need of hospital services; providing patient advocate services to patients in long term care facilities; providing case management services to patients in long term care facilities, namely, coordinating legal, physical, social and psychological services for individuals in need of long term care facilities; providing patient advocate and case

4

management services, namely, coordinating the procurement and administration of
medication; providing patient advisory, advocate and case management services for
individuals and their families, namely, the coordination of medical services; providing
personal support services for families of chronically ill and/or disabled patients, namely,
companionship, help with medical forms, emotional counseling and emotional support" in
Class 45. A copy of the Certificate of Registration for HEALTHCHAMPION is attached
hereto as Exhibit A.

### Defendant's Infringing Activities

15.     Upon information and belief, according to its website, Defendant provides
"comprehensive dashboards and analytics of health data for providers, partners, payors, and
employers at large," as well as "personalized tools and recommendations for individuals."

16.     In connection with its activities as set forth herein, Defendant is using in
interstate commerce, without the consent or authorization of ComPsych, the service mark
and trade name HEALTHCHAMPION.

17.     Upon information and belief, Defendant owns and operates the website
www.myhealthchampion.com, and promotes its services under the HEALTHCHAMPION
name on this site.

18.     Upon information and belief, Defendant owns and operates a downloadable
mobile application, which is offered, at least on the Apple App Store, and promotes and
offers its health services under the HEALTHCHAMPION name.

5

19.     Defendant began using the HEALTHCHAMPION name after ComPsych's first use of its HEALTHCHAMPION mark and after the registration date of ComPsych's federally registered HEALTHCHAMPIION mark.

20.     Upon information and belief, before Defendant began using the HEALTHCHAMPION name, it had actual knowledge of ComPsych and ComPsych's HEALTHCHAMPION mark.

21.     Upon information and belief, Defendant deliberately and willfully used the HEALTHCHAMPION name in interstate commerce in an attempt to trade on the goodwill, reputation, and marketing power created by ComPsych and ComPsych's HEALTHCHAMPION mark.

22.     Defendant's use of the HEALTHCHAMPION name in connection with services identical, or similar, to ComPsych's services offered under its HEALTHCHAMPION mark is likely to cause confusion as to the affiliation, connection, or association between ComPsych and the Defendant, all to ComPsych's damage.

23.     Defendant's use of the HEALTHCHAMPION name deprives ComPsych of the ability to control consumer perception of the services offered under a designation that is virtually identical, or confusingly similar, to ComPsych's HEALTHCHAMPION mark.

24.     Defendant's use of the HEALTHCHAMPION name harms consumers and places ComPsych's valuable brand, reputation, and goodwill in the hands of Defendant, over whom ComPsych has not control.

## **COUNT I**

**Infringement of Federally Registered Trademark in Violation of
Section 32 of the Lanham Act, 15 U.S.C. § 1114**

25.     As the first ground for relief, ComPsych hereby alleges infringement of its federally registered HEALTHCHAMPION mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  ComPsych incorporates by reference Paragraphs 1 through 24, above, as though fully set forth herein.

26.     Defendant infringed ComPsych's federally registered HEALTHCHAMPION service mark through its use in interstate commerce of the HEALTHCHAMPION name, as described herein, and including, without limitation, its adoption of the name HEALTHCHAMPION, and the sale and advertisement of health management and analytics services in connection with the infringing name.

27.     Defendant's adoption and use of the infringing HEALTHCHAMPION name is without permission or authority from ComPsych.

28.     Defendant's unauthorized adoption and use of the infringing HEALTHCHAMPION name is likely to cause confusion, mistake, and/or is intended to deceive consumers in the relevant market.

29.     Defendant adopted and used the infringing HEALTHCHAMPION mark in connection with health management and analytics services with constructive notice of ComPsych's registration under 15 U.S.C. § 1072.

30.     Defendant adopted and used the infringing HEALTHCHAMPION mark in connection with health management and analytics services with actual notice of ComPsych's registration for the mark HEALTHCHAMPION.

7

31.    Defendant's use in interstate commerce, without the consent of ComPsych, of a reproduction, counterfeit, copy, or colorable imitation of ComPsych's federally registered HEALTHCHAMPION mark in connection with the sale, offering for sale, distribution, and/or advertising of the Defendant's goods and/or services constitutes an infringement of ComPsych's federally registered HEALTHCHAMPION service mark as such use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between ComPsych and the Defendant, or as to the origin, sponsorship, or approval of the Defendant's goods and/or services by ComPsych, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.    Defendant's unauthorized and infringing acts, as alleged herein, constitutes intentional and willful infringement of ComPsych's rights.

33.    Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to ComPsych, for which ComPsych has no adequate remedy at law.

## COUNT II

### Unfair Competition in Violation of
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34.    As the second ground for relief, ComPsych hereby alleges federal unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). ComPsych incorporates by reference Paragraphs 1 through 33, above, as though fully set forth herein.

8

35.     Defendant's unauthorized use in interstate commerce of the HEALTHCHAMPION name, as described herein, constitutes a false designation of origin that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between ComPsych and the Defendant, or as to the origin, sponsorship, or approval of the Defendant's products or services by ComPsych, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of ComPsych's rights.

37.     Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to ComPsych, for which ComPsych has no adequate remedy at law.

## COUNT III

### Violation of the Illinois Uniform Deceptive Trade Practices Act
### 815 Ill. Comp. Stat. 510 *et seq.*

38.     As its third ground for relief, ComPsych hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq.*  ComPsych incorporates by reference Paragraphs 1 through 37, above, as though fully set forth herein.

39.     Defendant's unauthorized use of the HEALTHCHAMPION name allows Defendant to pass off its goods and/or services as those of ComPsych, causes a likelihood of confusion and/or misunderstanding as to the source, sponsorship, approval, or certification of the Defendant's goods and/or services, and/or  creates a likelihood of confusion and/or misunderstanding, inasmuch as Defendant's unauthorized use gives rise to the incorrect belief

that Defendant has some affiliation, connection, or association with ComPsych, in violation of

the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq*.

40.     Defendant's unauthorized and infringing acts, as alleged herein, constitute

intentional and willful infringement of ComPsych's rights.

41.     Said acts have caused, and unless restrained by this Court will continue to

cause, serious and irreparable injury to ComPsych, for which ComPsych has no adequate

remedy at law.

<u>**COUNT IV**</u>

**Common Law Unfair Competition**

42.     As the fourth ground for relief, ComPsych hereby alleges common law unfair

competition.  ComPsych incorporates by reference Paragraphs 1 through 41, above, as

though fully set forth herein.

43.     Defendant's unauthorized use of the HEALTHCHAMPION name constitutes

common law unfair competition because such use is likely to cause confusion, mistake, or

deception as to the source, sponsorship, or approval by ComPsych of the Defendant's goods

and/or services.  The public is, for example, likely to believe that Defendant's

HEALTHCHAMPION designation originates with ComPsych, is licensed by ComPsych,

and/or is sponsored by, connected with, or related to ComPsych.

44.     As a result of its actions complained of herein, Defendant is likely to cause

confusion or mistake, or to deceive members of the consuming public.  Defendant has

misappropriated valuable property rights of ComPsych, has passed off its goods and/or

services as those of ComPsych, and is trading on the goodwill symbolized by ComPsych's

HEALTHCHAMPION mark. Said acts, which are willful, constitute unfair competition in violation of the common law of the State of Illinois.

45. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to ComPsych, for which ComPsych has no adequate remedy at law.

**WHEREFORE**, ComPsych prays that this Court enter the following judgment and order:

A. That Defendant has violated sections 32 and 43(a) of the Lanham Act, has violated the Illinois Uniform Deceptive Trade Practices Act, and has committed acts of unfair competition in violation of the common law of Illinois;

B. That Defendant, its officers, directors, agents, servants, employees, successors, assigns and attorneys, and all those controlled by or in active concert or participation with them, be permanently enjoined and restrained from:

1. Using any name or mark that comprises or includes the HEALTHCHAMPION and/or HEALTH CHAMPION mark or any other mark, logo, name, or designation that gives rise to a likelihood of confusion, mistake or deception with respect to ComPsych's HEALTHCHAMPION mark;

2. Doing any other act or thing likely to induce the mistaken belief that Defendant or the Defendant's goods and/or services are in any way affiliated with, associated with, or sponsored by ComPsych;

3. Trading on the goodwill associated with the HEALTHCHAMPION mark, and passing off its goods and/or services as those of ComPsych;

4. Injuring ComPsych's business reputation and the goodwill associated with its HEALTHCHAMPION mark;

5. Registering, trafficking in, or using a domain name that is identical or confusingly similar to the HEALTHCHAMPION mark; and

6. Otherwise unfairly competing with ComPsych in any manner whatsoever.

C. That, pursuant to 15 U.S.C. §1118, Defendant be ordered to deliver to the Court or to ComPsych for destruction all labels, packages, brochures, wrappers, advertisements, literature, promotions, letterhead, displays, catalogs, Internet web pages and all other physical matter, whether in paper or electronic form in the custody or under the control of Defendant that constitute, bear or depict the HEALTHCHAMPION name, or any other unauthorized use of the HEALTHCHAMPION name, as used in connection with the advertisement of the Defendant's goods and/or services and/or that contain false or misleading statements relating ComPsych's HEALTHCHAMPION mark;

D. That, pursuant to 15 U.S.C. §1116, Defendant be directed to file with the Court and serve upon ComPsych within thirty (30) days after issuance of an injunction that incorporates the aforementioned relief (as well as any other injunctive relief) a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E. That the Court order the forfeiture or cancellation of the domain name(s) <www.myhealthchampion.com> , and any other domain names that are confusingly similar to ComPsych's HEALTHCHAMPION mark, or that said domain names be transferred to ComPsych;

F. That ComPsych be awarded monetary relief in an amount to be fixed by the Court in its discretion, including (but not limited to):

1. All profits received by Defendant as a result of its unlawful actions, said amount to be trebled due to the Defendant's willful misconduct;

12

2. All damages sustained by ComPsych as a result of the Defendant's unlawful acts, said amount to be trebled due to the Defendant's willful actions; and

3. Punitive damages.

G. That Defendant be ordered to compensate ComPsych for the advertising and other expenditures necessary to dispel any public confusion caused by the Defendant's unlawful acts complained of herein;

H. That, because of the exceptional nature of this case resulting from the Defendant's deliberate and willful actions, this Court award to ComPsych all reasonable attorneys' fees, costs and disbursements incurred by ComPsych as a result of this action;

I. That the Court require Defendant to pay prejudgment interest on any and all monetary awards, (in whatever form), costs and expenses for this suit to which ComPsych is entitled; and

J. That the Court order all other and further relief that it deems proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), ComPsych demands trial by jury in this action on all issues triable by jury.

Dated:  November 6, 2020                          Respectfully submitted,


/s/ Howard S. Michael
Howard S. Michael
Fan Cheng
Brinks Gilson & Lione
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312) 321-4200

Attorneys for Plaintiff ComPsych
Corporation

14