IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| COMPSYCH CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:20-cv-6609 |
| | ) |
| HEALTHCHAMPION PARTNERS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT HEALTHCHAMPION PARTNERS, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

For its Answer to Plaintiff's Complaint against Defendant HealthChampion Partners, LLC ("HPL"), by and through its undersigned attorneys, responds and states as follows:

**NATURE OF THE ACTION**

1. This is a complaint to redress violations of trademark infringement and unfair competition under federal law, unfair competition in violation of the Illinois Uniform Deceptive Trade Practices Act, and trademark infringement and unfair competition in violation of the common law of the State of Illinois.

**ANSWER:** HPL admits the Complaint states claims for trademark infringement and unfair competition under federal law, unfair competition in violation of the Illinois Uniform Deceptive Trade Practices Act, and trademark infringement and unfair competition. HPL denies these claims.

2. This action results from the Defendant's wrongful, willful, and reckless use of ComPsych's federally registered HEALTHCHAMPION mark, and confusingly similar

1

variations thereof, in commerce without ComPsych's express or implied authorization or permission.

**ANSWER:** Denied.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims in this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**ANSWER:** HPL lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 3 of the Complaint and on that basis denies these allegations.

4. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) because the Defendant resides in this Judicial District, a substantial portion of the property that is the subject of this action is situated in this Judicial District, and the acts of unfair competition by the Defendant and acts of infringement of ComPsych's federally registered HEALTHCHAMPION mark by the Defendant occurred, and are continuing to occur, in this Judicial District.

**ANSWER:** HPL admits it resides in this Judicial District; HPL denies the remaining allegations of Paragraph 4.

5. This Court has jurisdiction over the Defendant because the Defendant resides in this State and Judicial District, the Defendant is engaging in various activities within this State and this Judicial District, including transacting business and committing tortious acts in this Judicial District. The consequences of the Defendant's actions produce effects in and directly implicate this forum.

**ANSWER:** HPL admits it resides in this State and conducts business in Illinois; HPL denies the remaining allegations of Paragraph 5.

## THE PARTIES

6. Plaintiff ComPsych is an Illinois corporation with its principal place of business at NBC Tower, 455 North Cityfront Plaza Drive, Chicago, Illinois 60611.

**ANSWER:** HPL lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of the Complaint and on that basis deny those allegations.

7. Upon information and belief, Defendant HealthChampion Partners, LLC is a Delaware limited liability company with a principal place of business in Chicago, Illinois.

**ANSWER:** Admitted.

8. Upon information and belief, Defendant maintains a principal place of business at 125 S Wacker Dr., Suite 2080, Chicago, IL 60606.

**ANSWER:** Admitted.

## COMPSYCH'S INTELLECTUAL PROPERTY RIGHTS

9. ComPsych is a leading provider of fully integrated health navigation solutions, health and wellness programs, employee assistance programs, work-life support services, and outsourced human resource administration services. ComPsych provides services to more than 50,000 organizations covering 109 million individuals throughout the United States and in 160 countries.

**ANSWER:** HPL lacks knowledge or information sufficient to admit or deny the

allegations of Paragraph 9 of the Complaint and on that basis denies these allegations.

10. ComPsych is the owner to all right, title and interest to the service mark HEALTHCHAMPION for use in connection with its health assessment, guidance, support, and management services, as well as healthcare benefits and insurance services (hereinafter "health services").

**ANSWER:** HPL lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10 of the Complaint and on that basis denies these allegations.

11. ComPsych has used its HEALTHCHAMPION mark continuously in interstate commerce in connection with its health services since at least as early as 2006, long prior to the date of the Defendant's infringing activities described herein.

**ANSWER:** HPL lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint and on that basis denies these allegations.

12. Consumers associate the HEALTHCHAMPION mark with ComPsych and ComPsych's health services.

**ANSWER:** HPL lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 12 of the Complaint and on that basis denies these allegations.

13. Through ComPsych's continuous and longstanding use of the HEALTHCHAMPION mark, the HEALTHCHAMPION mark has acquired significant goodwill and become an extraordinarily valuable asset to ComPsych.

**ANSWER:** HPL lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 13 of the Complaint and on that basis denies these allegations.

14. ComPsych is the owner of record to all right, title and interest to Federal

Trademark Registration No. 4,062,415 covering "assessing insurance claims; claims administration services in the field of health insurance; consulting and information concerning health insurance; insurance administration services, namely, assisting others with adjusting insurance claims; insurance claims administration; insurance claims processing; insurance services, namely, insurance eligibility review and verification and consultation in the health industry; medical insurance case and utilization review and insurance claims adjustment services for healthcare purchasers and payors and providers and Medicare beneficiaries; pharmaceutical benefit management services; providing counseling and consulting in the field of healthcare benefits; Social security and Medicare claims administration and consulting services rendered to individuals" in International Class 36, "conducting telephone and in-person personal lifestyle wellness assessments; consulting services in the field of mental health and wellness; consulting services in the field of women's health, consulting services in the field of health and nutrition; consulting services in the field of medical care, all of the foregoing not including the providing of chiropractic services" in International Class 44, and "case management services, namely, the coordination of legal, social and psychological services for elderly and disabled persons; investigation services related to insurance claims; in-home support services to senior persons, namely, geriatric care management services in the nature of the coordination of necessary services and personal care for older individuals; providing patient advocate services to individuals in need of hospital services; providing case management services to individuals in need of hospital services, namely, coordinating legal, physical, social and psychological services for individuals in need of hospital services; providing patient advocate services to patients in long term care facilities; providing case management services to patients in long term care facilities, namely, coordinating legal, physical, social and psychological services for individuals in need of

5

long term care facilities; providing patient advocate and case management services, namely, coordinating the procurement and administration of medication; providing patient advisory, advocate and case management services for individuals and their families, namely, the coordination of medical services; providing personal support services for families of chronically ill and/or disabled patients, namely, companionship, help with medical forms, emotional counseling and emotional support" in Class 45. A copy of the Certificate of Registration for HEALTHCHAMPION is attached hereto as Exhibit A.

**ANSWER:** HPL admits Registration Number 4,062,415 sets out the listed services referenced in Paragraph 13. HPL lacks knowledge or information sufficient to admit or deny the other allegations of Paragraph 14 of the Complaint and on that basis denies these allegations.

## DEFENDANT'S INFRINGING ACTIVITIES

15. Upon information and belief, according to its website, Defendant provides "comprehensive dashboards and analytics of health data for providers, partners, payors, and employers at large," as well as "personalized tools and recommendations for individuals."

**ANSWER:** Admitted.

16. In connection with its activities as set forth herein, Defendant is using in interstate commerce, without the consent or authorization of ComPsych, the service mark and trade name HEALTHCHAMPION.

**ANSWER:** Admitted to the extent that Defendant is using the term HealthChampion typically along with the design [logo] in interstate commerce. Further answering, HPL does not require the consent or authorization of ComPsych to use the HEALTHCHAMPION mark for the

specific services it provides to its type of consumer.

17. Upon information and belief, Defendant owns and operates the website www.myhealthchampion.com, and promotes its services under the HEALTHCHAMPION name on this site.

**ANSWER:** Admitted.

18. Upon information and belief, Defendant owns and operates a downloadable mobile application, which is offered, at least on the Apple App Store, and promotes and offers its health services under the HEALTHCHAMPION name.

**ANSWER:** Admitted that HPL owns an app called HEALTHCHAMPION. Further answering, HPL does not know what is meant by "health services" and therefore, denied to this extent. Defendant provides comprehensive dashboards and analytics of health data for providers, partners, payors, and employers at large. HPL also provides personalized tools and recommendations for individuals, which drives increased engagement and improved outcomes.

19. Defendant began using the HEALTHCHAMPION name after ComPsych's first use of its HEALTHCHAMPION mark and after the registration date of ComPsych's federally registered HEALTHCHAMPION mark.

**ANSWER:** Admitted; however, answering further, HPL's use of HealthChampion is significantly different than ComPsych's.

20. Upon information and belief, before Defendant began using the HEALTHCHAMPION name, it had actual knowledge of ComPsych and ComPsych's HEALTHCHAMPION mark.

**ANSWER:** Denied.

21. Upon information and belief, Defendant deliberately and willfully used the

7

HEALTHCHAMPION name in interstate commerce in an attempt to trade on the goodwill, reputation, and marketing power created by ComPsych and ComPsych's HEALTHCHAMPION mark.

**ANSWER:** Denied.

22. Defendant's use of the HEALTHCHAMPION name in connection with services identical, or similar, to ComPsych's services offered under its HEALTHCHAMPION mark is likely to cause confusion as to the affiliation, connection, or association between ComPsych and the Defendant, all to ComPsych's damage.

**ANSWER:** Denied.

23. Defendant's use of the HEALTHCHAMPION name deprives ComPsych of the ability to control consumer perception of the services offered under a designation that is virtually identical, or confusingly similar, to ComPsych's HEALTHCHAMPION mark.

**ANSWER:** Denied.

24. Defendant's use of the HEALTHCHAMPION name harms consumers and places ComPsych's valuable brand, reputation, and goodwill in the hands of Defendant, over whom ComPsych has not control.

**ANSWER:** Denied.

## COUNT I

### Infringement of Federally Registered Trademark in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

25. As the first ground for relief, ComPsych hereby alleges infringement of its federally registered HEALTHCHAMPION mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. ComPsych incorporates by reference Paragraphs 1 through 24, above, as though fully set forth herein.

**ANSWER:** HPL incorporates as if fully reasserted herein its responses to Paragraphs 1 – 24 of the Complaint as set forth above.

26. Defendant infringed ComPsych's federally registered HEALTHCHAMPION service mark through its use in interstate commerce of the HEALTHCHAMPION name, as described herein, and including, without limitation, its adoption of the name HEALTHCHAMPION, and the sale and advertisement of health management and analytics services in connection with the infringing name.

**ANSWER:** Denied.

27. Defendant's adoption and use of the infringing HEALTHCHAMPION name is without permission or authority from ComPsych.

**ANSWER:** Admitted, answering further HPL does not require ComPsych's permission to use the HEALTHCHAMPION name for the specific services it provides to its specific type of consumer.

28. Defendant's unauthorized adoption and use of the infringing HEALTHCHAMPION name is likely to cause confusion, mistake, and/or is intended to deceive consumers in the relevant market.

**ANSWER:** Denied.

29. Defendant adopted and used the infringing HEALTHCHAMPION mark in connection with health management and analytics services with constructive notice of ComPsych's registration under 15 U.S.C. § 1072.

**ANSWER:** Denied.

30. Defendant adopted and used the infringing HEALTHCHAMPION mark in connection with health management and analytics services with actual notice of ComPsych's

9

registration for the mark HEALTHCHAMPION.

**ANSWER:** Denied.

31. Defendant's use in interstate commerce, without the consent of ComPsych, of a reproduction, counterfeit, copy, or colorable imitation of ComPsych's federally registered HEALTHCHAMPION mark in connection with the sale, offering for sale, distribution, and/or advertising of the Defendant's goods and/or services constitutes an infringement of ComPsych's federally registered HEALTHCHAMPION service mark as such use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between ComPsych and the Defendant, or as to the origin, sponsorship, or approval of the Defendant's goods and/or services by ComPsych, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER:** Denied.

32. Defendant's unauthorized and infringing acts, as alleged herein, constitutes intentional and willful infringement of ComPsych's rights.

**ANSWER:** Denied.

33. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to ComPsych, for which ComPsych has no adequate remedy at law.

**ANSWER:** Denied.

## COUNT II

### Unfair Competition in Violation of
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34. As the second ground for relief, ComPsych hereby alleges federal unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). ComPsych incorporates by reference Paragraphs 1 through 33, above, as though fully set forth herein.

**ANSWER:** HPL incorporates as if fully reasserted herein its responses to Paragraphs 1 – 33 of the Complaint as set forth above.

35. Defendant's unauthorized use in interstate commerce of the HEALTHCHAMPION name, as described herein, constitutes a false designation of origin that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between ComPsych and the Defendant, or as to the origin, sponsorship, or approval of the Defendant's products or services by ComPsych, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Denied.

36. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of ComPsych's rights.

**ANSWER:** Denied.

37. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to ComPsych, for which ComPsych has no adequate remedy at law.

**ANSWER:** Denied.

## COUNT III

### Violation of the Illinois Uniform Deceptive Trade Practices Act 815 Ill. Comp. Stat. 510 *et seq*.

38. As its third ground for relief, ComPsych hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq*. ComPsych incorporates by reference Paragraphs 1 through 37, above, as though fully set forth herein.

**ANSWER:** HPL incorporates as if fully reasserted herein its responses to Paragraphs 1 – 37 of the Complaint as set forth above.

39. Defendant's unauthorized use of the HEALTHCHAMPION name allows Defendant to pass off its goods and/or services as those of ComPsych, causes a likelihood of confusion and/or misunderstanding as to the source, sponsorship, approval, or certification of the Defendant's goods and/or services, and/or creates a likelihood of confusion and/or misunderstanding, inasmuch as Defendant's unauthorized use gives rise to the incorrect belief that Defendant has some affiliation, connection, or association with ComPsych, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq*.

**ANSWER:** Denied.

40. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of ComPsych's rights.

**ANSWER:** Denied.

41. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to ComPsych, for which ComPsych has no adequate remedy at law.

**ANSWER:** Denied.

## COUNT IV
### Common Law Unfair Competition

42. As the fourth ground for relief, ComPsych hereby alleges common law unfair competition. ComPsych incorporates by reference Paragraphs 1 through 41, above, as though fully set forth herein.

**ANSWER:** HPL incorporates as if fully reasserted herein its responses to Paragraphs 1 – 41 of the Complaint as set forth above.

43. Defendant's unauthorized use of the HEALTHCHAMPION name constitutes common law unfair competition because such use is likely to cause confusion, mistake, or

deception as to the source, sponsorship, or approval by ComPsych of the Defendant's goods and/or services. The public is, for example, likely to believe that Defendant's HEALTHCHAMPION designation originates with ComPsych, is licensed by ComPsych, and/or is sponsored by, connected with, or related to ComPsych.

**ANSWER:** Denied.

44. As a result of its actions complained of herein, Defendant is likely to cause confusion or mistake, or to deceive members of the consuming public. Defendant has misappropriated valuable property rights of ComPsych, has passed off its goods and/or services as those of ComPsych, and is trading on the goodwill symbolized by ComPsych's HEALTHCHAMPION mark. Said acts, which are willful, constitute unfair competition in violation of the common law of the State of Illinois.

**ANSWER:** Denied.

45. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to ComPsych, for which ComPsych has no adequate remedy at law.

**ANSWER:** Denied.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as Affirmative Defenses, HPL denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever. HPL reserves the right to assert additional defenses based on information learned or obtained during discovery.

### First Affirmative Defense

The Complaint, or one or more counts set forth, fails to state a claim upon which relief

can be granted.

## Second Affirmative Defense

HPL has not infringed the Plaintiff's trademark under federal or state law.

## Third Affirmative Defense

Without admitting that the Complainant states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against HPL in the Complaint, and the relief prayed for in the Complaint cannot be granted.

## Fourth Affirmative Defense

HPL cannot infringe upon the Plaintiff's trademark because the parties' services are significantly different.

## Fifth Affirmative Defense

HPL cannot infringe upon the Plaintiff's trademark because the parties' services are offered to significantly different customers.

## Sixth Affirmative Defense

HPL cannot infringe upon the Plaintiff's trademark because the parties' services are significantly different.

## Seventh Affirmative Defense

HPL cannot infringe upon the Plaintiff's trademark because the parties' services are offered to customers who have a high degree of care when purchasing the product services.

## Eight Affirmative Defense

There have been no known instances of confusion between Plaintiff's trademark and HPL's trademark.

**Demand for Jury Trial**

Pursuant to Fed. R. Civ. P. 38(b), HPL respectfully demands a trial by jury of all issues so triable by a jury.

Dated:  January 18, 2021

**Respectfully submitted,**

/s/ *John L. Ambrogi*
Latimer LeVay Fyock
John L. Ambrogi
jambrogi@llflegal.com
Colin O'Brien
cobrien@llflegal.com
55 W. Monroe St., Ste. 1100
Chicago, IL 60603
(312) 422-8000

Attorneys for Defendant
HEALTHCHAMPION PARTNERS, LLC

**Certificate of Service**

    I hereby certify that on January 18, 2021, a true and correct copy of the foregoing **DEFENDANT HEALTHCHAMPION PARTNERS, LLC ANSWER TO THE COMPLAINT** document was electronically filed and served to all counsel of record via the Court's ECF system.

/s/John L. Ambrogi