**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COMPSYCH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-6609 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| HEALTHCHAMPION PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following

discovery plan.  *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b).  The

parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the

Court will modify any such schedule "only for good cause."  *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    A.    Identify the attorneys of record for each party.  Note the lead trial attorney and any local counsel.

Howard S. Michael and Fan Cheng, from Brinks Gilson & Lione, are attorneys for Plaintiff
ComPsych Corporation. Howard S. Michael is the lead trial attorney.

John L. Ambrogi and Colin Thomas O'Brien, from Latimer LeVay Fyock, LLC, are attorneys for
Defendant HealthChampion Partners LLC. John L. Ambrogi is the lead trial attorney.

    B.    State the basis for federal jurisdiction.  If based on diversity, state the domicile of all parties.  As a reminder, domicile is different than residence – the former is what counts for diversity purposes.  *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

    If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP.  Please note two things.  ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business.  ***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.  *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v.*

*Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

This Court has federal questions jurisdiction over the claims in this Complaint, including trademark infringement and unfair competition in violation of the Lanham Act, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

Plaintiff ComPsych Corporation is an Illinois corporation with its principal place of business at NBC Tower, 455 North Cityfront Plaza Drive, Chicago, Illinois 60611.

Defendant HealthChampion Partners, LLC ("HPL") is a Delaware limited liability company with a principal place of business at 125 S. Wacker Drive, Suite 2080, Chicago, Illinois 60606.

      C.      Provide a short overview of the case in plain English (five sentences or less).

ComPsych instituted an action against HPL to redress instances of trademark infringement and unfair competition under federal law[1], unfair competition in violation of the Illinois Uniform Deceptive Trade Practices Act, and trademark infringement and unfair competition in violation of the common law of the State of Illinois. This Action is based on HPL's use of the federally registered HEALTHCHAMPION mark in a manner that is likely to cause consumer confusion as to source, sponsorship, or affiliation with ComPsych's HEALTHCHAMPION mark.

HPL denies ComPsych's allegations and, through its Answer, has asserted numerous affirmative defenses.

      D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Claims:
ComPsych alleges
    (1) infringement of its federally registered HEALTHCHAMPION mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;
    (2) federal unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1);
    (3) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 et seq; and
    (4) common law unfair competition.

Affirmative Defenses:
HLP alleges as Affirmative Defenses
    (1) The Complaint, or one or more counts set forth, fails to state a claim upon which relief can be granted.
    (2) HPL has not infringed the Plaintiff's trademark under federal or state law.

---

[1] Plaintiffs instituted an action under 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of United States Federal Trademark Registration Nos. 4,062,415, and under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act, for unfair competition.

(3) Without admitting that the Complainant states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against HPL in the Complaint, and the relief prayed for in the Complaint cannot be granted.

(4) HPL cannot infringe upon the Plaintiff's trademark because the parties' services are significantly different.

(5) HPL cannot infringe upon the Plaintiff's trademark because the parties' services are offered to significantly different customers.

(6) HPL cannot infringe upon the Plaintiff's trademark because the parties' services are significantly different.

(7) HPL cannot infringe upon the Plaintiff's trademark because the parties' services are offered to customers who have a high degree of care when purchasing the product services.

(8) There have been no known instances of confusion between Plaintiff's trademark and HPL's trademark.

    E.      What are the principal factual issues?

Whether there are sufficient facts to support ComPsych's claims of trademark infringement and unfair competition.

    F.      What are the principal legal issues?

Whether HPL's use of the HEALTHCHAMPION name is likely to cause confusion as to the affiliation, connection, or association between ComPsych and HPL.

    G.      What relief is the plaintiff(s) seeking?  Quantify the damages, if any.
                    (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).

ComPsych is seeking the following relief:
(1) ComPsych is seeking the following monetary relief:
    a.   All profits received by HPL as a result of its unlawful actions, said amount to be trebled due to the HPL's willful misconduct;
    b.   All damages sustained by ComPsych as a result of HPL's unlawful acts, said amount to be trebled due to the HPL's willful actions; and
    c.   Punitive damages.
(2) HPL be enjoined from:
    a.   Using any name or mark that comprises or includes the HEALTHCHAMPION and/or HEALTH CHAMPION mark or any other mark, logo, name, or designation that gives rise to a likelihood of confusion, mistake or deception with respect to ComPsych's HEALTHCHAMPION mark;
    b.   Doing any other act or thing likely to induce the mistaken belief that Defendant or the Defendant's goods and/or services are in any way affiliated with, associated with, or sponsored by ComPsych;
    c.   Trading on the goodwill associated with the HEALTHCHAMPION mark, and passing off its goods and/or services as those of ComPsych;
    d.   Injuring ComPsych's business reputation and the goodwill associated with its HEALTHCHAMPION mark;

     e.   Registering, trafficking in, or using a domain name that is identical or confusingly similar to the HEALTHCHAMPION mark; and

     f.   Otherwise unfairly competing with ComPsych in any manner whatsoever.

(3) HPL be ordered to deliver to the Court or to ComPsych for destruction all labels, packages, brochures, wrappers, advertisements, literature, promotions, letterhead, displays, catalogs, Internet web pages and all other physical matter, whether in paper or electronic form in the custody or under the control of HPL that constitute, bear or depict the HEALTHCHAMPION name, or any other unauthorized use of the HEALTHCHAMPION name, as used in connection with the advertisement of the HPL's goods and/or services and/or that contain false or misleading statements relating ComPsych's HEALTHCHAMPION mark;

(4) the forfeiture or cancellation of the domain name(s) <www.myhealthchampion.com>, and any other domain names that are confusingly similar to ComPsych's HEALTHCHAMPION mark, or that said domain names be transferred to ComPsych;

(5) HPL be ordered to compensate ComPsych for the advertising and other expenditures necessary to dispel any public confusion caused by the Defendant's unlawful acts complained of herein;

(6) An award to ComPsych all reasonable attorneys' fees, costs and disbursements incurred by ComPsych as a result of this action; and

(7) HPL be ordered to pay prejudgment interest on any and all monetary awards, (in whatever form), costs and expenses for this suit to which ComPsych is entitled.

     H.     Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

Yes.

## II.   <u>Discovery</u>

     A.     Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

     Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, <u>Proposed_Order_Seeger@ilnd.uscourts.gov</u>. The template is available on the Court's webpage.

| Event | Deadline |
|---|---|
| Amendment to the pleadings | April 4, 2021 |
| Service of process on any "John Does" | 60 days after the beginning of fact discovery |
| Completion of Fact Discovery | November 29, 2021 |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery December 29, 2021 |
| Deposition of Plaintiff's Expert | February 14, 2022 |
| Disclosure of Defendant's Expert Report(s) | March 28, 2022 |
| Deposition of Defendant's Expert | May 2, 2022 |
| Dispositive Motions | One month after the close of expert discovery July 4, 2022 |

      B.      How many depositions do the parties expect to take?

Plaintiff may take a maximum of seventy (70) hours of fact depositions of Defendant's witnesses collectively (party and non-party), including 30(b)(6) witnesses, unless extended by agreement of the parties or leave of the Court. Each individual designated as a witness pursuant to a different topic of a 30(b)(6) notice shall count as a separate deposition. Each deposition taken by Plaintiff is limited to a maximum of seven (7) deposition hours unless extended by agreement of the parties or leave of the Court. To the extent a witness is disclosed as a trial witness but was not deposed in the case, regardless of whether the taking Party has reached its maximum number of depositions, that witness may be deposed between the time of his or her disclosure and trial in this matter.

Defendant may take a maximum of seventy (70) hours of fact depositions of Plaintiff's witnesses (party and non-party), including 30(b)(6) witnesses, unless extended by agreement of the parties or leave of the Court. Each individual designated as a witness pursuant to a different topic of a 30(b)(6) notice shall count as a separate deposition. Each deposition taken by Defendant is limited to a maximum of seven (7) deposition hours unless extended by agreement of the parties or leave of the Court. To the extent a witness is disclosed as a trial witness but was not deposed in the case, regardless of whether the taking Party has reached its maximum number of depositions, that witness may be deposed between the time of his or her disclosure and trial in this matter.

Where Counsel has the authority to do so, Counsel shall accept service of subpoenas for depositions for those former employees of their clients who reside in the United States and whom they represent and for other individuals whom they will be representing at depositions. Acceptance of deposition notices or subpoenas by counsel does not waive any defense other than objections to service.

      C.      Do the parties foresee any special issues during discovery?

None at this time.

      D.      Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

            If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

The parties do not propose anything at this time.

## III.    Trial

      A.      Have any of the parties demanded a jury trial?

Both ComPsych and HPL have demanded a jury trial.

      B.      Estimate the length of trial.

5 days.

## IV.    Settlement, Referrals, and Consent

      A.      Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

On January 13, 2021 the parties' lead counsel began a dialogue to vet, at a high level, possible solutions to resolve this matter. Although no formal proposals have been exchanged as of this filing, counsel for HPL has sought from HPL a proposal it can share with ComPsych.

      B.      Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

ComPsych **does not** believe a settlement conference is warranted prior to the completion of the fact discovery.

HPL **does** believe that a settlement conference early on could be beneficial at this time before either this Court or the Magistrate

      C.      Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

ComPsych **does not** consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.

HPL **does consent** to the trial and/or dispositive motions being conducted by a Magistrate Judge.

## V.      Other

      A.      Is there anything else that the plaintiff(s) wants the Court to know?  (Please be brief.)

None.

      B.      Is there anything else that the defendant(s) wants the Court to know?  (Please be brief.)

None.

DATED: January 22, 2021                Respectfully submitted,

                                       s/   Howard S. Michael
                                       Howard S. Michael
                                       Fan Cheng
                                       Brinks Gilson & Lione
                                       455 N. Cityfront Plaza Drive, Suite 3600
                                       Chicago, IL 60611
                                       (312) 321-4200

                                       Attorneys for Plaintiff
                                       ComPsych Corporation


                                       s/   John L. Ambrogi
                                       John L. Ambrogi
                                       Colin O'Brien
                                       Latimer LeVay Fyock
                                       55 W. Monroe St., Ste. 1100
                                       Chicago, IL 60603
                                       (312) 422-8000

                                       Attorneys for Defendant
                                       HEALTHCHAMPION PARTNERS, LLC

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2021, a true and correct copy of the foregoing **Joint Initial Status Report Under Rule 26(f)** was electronically filed and served to all counsel of record via the Court's ECF system.


DATED: January 22, 2021                    s/   Fan Cheng