UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMPSYCH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-6609 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| HEALTHCHAMPION PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**CONSENT JUDGMENT**

Plaintiff ComPsych Corporation ("ComPsych" or "Plaintiff") and Defendant HealthChampion Partners, LLC ("HPL" or "Defendant") have agreed upon the entry of this Consent Judgment. In connection therewith, the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the subject matter of this action and over the parties hereto.

2. Venue properly lies in this District.

3. ComPsych is an Illinois corporation with its principal place of business in Chicago, Illinois.

4. HPL is a Delaware limited liability company with a principal place of business in Chicago, Illinois.

5. ComPsych is the owner of Federal Trademark Registration No. 4,062,415, covering "assessing insurance claims; claims administration services in the field of health insurance; consulting and information concerning health insurance; insurance administration

services, namely, assisting others with adjusting insurance claims; insurance claims administration; insurance claims processing; insurance services, namely, insurance eligibility review and verification and consultation in the health industry; medical insurance case and utilization review and insurance claims adjustment services for healthcare purchasers and payors and providers and Medicare beneficiaries; pharmaceutical benefit management services; providing counseling and consulting in the field of healthcare benefits; Social security and Medicare claims administration and consulting services rendered to individuals" in Class 36, "conducting telephone and in-person personal lifestyle wellness assessments; consulting services in the field of mental health and wellness; consulting services in the field of women's health, consulting services in the field of health and nutrition; consulting services in the field of medical care, all of the foregoing not including the providing of chiropractic services" in Class 44, and "case management services, namely, the coordination of legal, social and psychological services for elderly and disabled persons; investigation services related to insurance claims; in-home support services to senior persons, namely, geriatric care management services in the nature of the coordination of necessary services and personal care for older individuals; providing patient advocate services to individuals in need of hospital services; providing case management services to individuals in need of hospital services, namely, coordinating legal, physical, social and psychological services for individuals in need of hospital services; providing patient advocate services to patients in long term care facilities; providing case management services to patients in long term care facilities, namely, coordinating legal, physical, social and psychological services for individuals in need of long term care facilities; providing patient advocate and case management services, namely, coordinating the procurement and administration of medication; providing patient advisory, advocate and case management services for individuals and their families, namely, the coordination of medical services; providing personal support services for families of chronically ill and/or disabled patients, namely,

companionship, help with medical forms, emotional counseling and emotional support" in Class 45 ("ComPsych's Services"). Pursuant to 15 U.S.C. § 1065, ComPsych's rights to use the HEALTHCHAMPION mark are incontestable.

6. ComPsych has used its service mark HEALTHCHAMPION continuously in interstate commerce in connection with ComPsych's Services since at least as early as 2006. ComPsych has developed considerable goodwill, and has built up trademark rights, in its HEALTHCHAMPION service mark.

7. HPL has promoted its health services, including but not limited to, "comprehensive dashboards and analytics of health data for providers, partners, payors, and employers at large" and "personalized tools and recommendations for individuals," without any authorization or consent from ComPsych. The HEALTHCHAMPION mark is valid, subsisting and in full force and effect as to Defendant.

8. Defendant's use of the name and mark HEALTHCHAMPION in connection with health services is likely to cause confusion, or to cause mistake, or to deceive the relevant public and the trade, such that the relevant public and the trade are likely to believe that Defendant and its services originate with or are related to ComPsych.

9. HPL and any of its officers, agents, servants, employees, attorneys, successors, related companies and assigns of its business or businesses, and all those in active concert or participation with it, are hereby permanently enjoined from using the name and mark HEALTHCHAMPION, any mark incorporating the term HEALTHCHAMPION, or any other mark confusingly similar to the HEALTHCHAMPION mark, in connection with the provision of goods and services.

10. Each party shall bear its own attorney's fees and costs incurred in connection with this action and all rights of appeal are waived.

IT IS HEREBY ORDERED that the Court shall retain jurisdiction over the Parties for the sole purpose of enforcing compliance by Plaintiff and Defendant with the terms of this Consent Judgment.

IT IS FURTHER ORDERED that this Consent Judgment shall constitute a final judgment between Plaintiff and Defendant. The above-captioned action against Defendant is dismissed without prejudice with leave to reinstate on or before December 31, 2021, the case shall be deemed, without further order of the Court, to be dismissed with prejudice.

IT IS SO ORDERED.

Date: June 22, 2021

                                                          Steven C. Seeger
                                                          United States District Judge